Entered on Docket
November 27, 2006
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: November 25, 2006

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BRUCE JOHNSON AND LEE JACOBSEN,<br><br>    Debtors.<br>_____/ | No. 03-45806 TD<br>Chapter 7 |
| LOIS I. BRADY, Trustee in Bankruptcy,<br><br>    Plaintiff,<br><br>  vs.<br><br>BESTWORTH-ROMMEL, INC.,<br><br>    Defendant.<br>_____/ | A.P. No. 05-4432 AT |

**MEMORANDUM OF DECISION**

In this adversary proceeding, plaintiff Lois I Brady (the "Trustee"), the duly appointed chapter 7 trustee for the above-captioned bankruptcy case, seeks to avoid a pre-petition transfer to defendant Bestworth-Rommel, Inc. ("Bestworth") pursuant to 11 U.S.C. § 548(a)(2) and to recover the amount of the transfer from Bestworth pursuant to 11 U.S.C. § 550(a) or (b). Trial was conducted in this

adversary proceeding on October 11, 2006. Having considered the evidence and argument presented at trial, the Court concludes that the Trustee's claim must fail and that Bestworth is entitled to a judgment in its favor. The reasons for the Court's decision are set forth below.

**SUMMARY OF FACTS**

The underlying facts are not in dispute. The above-captioned debtors (the "Debtors") commenced this chapter 7 bankruptcy case on October 8, 2003, by filing a voluntary petition. At the time the petition was filed and during the year preceding the filing, Debtor Bruce Jacobsen was an employee and shareholder of a California corporation known as Elephant & Slon, Inc. ("Elephant"). Elephant was the owner of certain real property located in San Pablo, California, consisting of a gas station (the "San Pablo Property").

Elephant was indebted to Bestworth in the amount of $13,572.39 (the "Debt Amount") for fabrication and installation of a metal canopy on the San Pablo Property.[1] Bestworth had issued an invoice for the Debt Amount in January 2003. However, the Debt Amount was not paid on a timely basis. As a result, on April 7, 2003, Bestworth recorded a mechanic's lien on the San Pablo Property (the "Lien"). Thereafter, in early July 2003, Bestworth filed an action in Contra Costa Superior Court against Elephant to foreclose Lien (the "Lien Suit").

---

[1] The Debtors were not personally obligated for the Debt Amount.

2

At the time the Lien was recorded and the Lien Suit was filed, Elephant was attempting to sell the San Pablo Property. The recordation of the Lien and the filing of the Lien Suit was an impediment to the sale. To remove this impediment, the Debtors agreed to advance funds to pay the Debt Amount. The funds provided were the separate property of Debtor Lee Jacobsen. On June 27, 2003 Mrs. Jacobsen purchased a cashier's check in the Debt Amount (the "Cashier's Check"). She gave the Cashier's Check to her husband, who delivered it to North American Title Company (the "Title Company"), the title company handling the sale of the San Pablo Property.

The Cashier's Check was made payable to Bestworth. However, instead of delivering the Cashier's Check to Bestworth in return for a release of the Lien, the Title Company negotiated the Cashier's Check. It then issued its own check in the Debt Amount payable to Bestworth (the "Title Company Check"). Upon receipt of the Title Company Check, Bestworth executed a release of the Lien, and the Lien release was recorded in the County Recorder's office. It is undisputed that at the time Lee Jacobsen provided the Cashier's Check to the Title Company and the Title Company negotiated it and provided the Title Company Check to Bestworth, the Debtors were insolvent.

**APPLICABLE LAW**

Section 548(a)(1)(B) of the Bankruptcy Code provides, in pertinent part, that a trustee may avoid a transfer of a debtor's interest in property made within one year preceding the commencement of the debtor's bankruptcy case if the debtor:

3

>                (B) (i) received less than a reasonably
>                    equivalent value in exchange for such
>                    transfer... and
>                    (ii) was insolvent on the date that such
>                    transfer was made...[.]

See 11 U.S.C. § 548(a)(1)(B)(i) & (ii).  Section 548(c) provides, in pertinent part, as follows:

>            [A] transferee...of...a [fraudulent]
>            transfer...that takes for value and in good
>            faith has a lien on or may retain any interest
>            transferred...to the extent that such
>            transferee...gave value to the debtor in
>            exchange for such transfer....

See 11 U.S.C. § 548(c).

Section 550(a) of the Bankruptcy Code provides, in pertinent part, that:

>            ...to the extent that a transfer is avoided under
>            section...548..., the trustee may recover, for the
>            benefit of the estate, the property transferred, or if
>            the court so orders, the value of such property,
>            from--
>                 (1) the initial transferee of such transfer...;
>            or
>                 (2) any immediate or mediate transferee of
>            such initial transferee.

See 11 U.S.C. § 550(a). Section 550(b) provides that the trustee may not recover under section 550(a)(2)--i.e., other than from an initial transferee--from:

>            (1) a transferee that takes for value,
>            including satisfaction or securing of a present
>            or antecedent debt, in good faith, and without
>            knowledge of the voidability of the transfer
>            avoided...[.]

See 11 U.S.C. § 550(b)(1).

4

**DISCUSSION**

This adversary proceeding presents four issues, which the Court will address in turn:

(A) Is the transfer of the Debt Amount an avoidable transfer under 11 U.S.C. § 548(a)(1)(B)?

(B) Is Bestworth nevertheless entitled to retain the Debt Amount pursuant to 11 U.S.C. § 548(c)?

(C) Was Bestworth the initial transferee and thus entitled to no defense under 11 U.S.C. § 550(b)?

(D) If Bestworth was a subsequent transferee, has it established a defense to the Trustee's recovery action pursuant to 11 U.S.C. § 550(b)?

A. **IS TRANSFER AVOIDABLE UNDER 11 U.S.C. § 548(a)(1)(B)?**

There are four elements to a claim for avoidance of a fraudulent transfer under 11 U.S.C. § 548(a)(1)(B). The elements are: (1) a transfer to the defendant of an interest of the debtor in property; (2) within one year prior to the commencement of the debtor's bankruptcy case, (3) for less than reasonably equivalent value in exchange for the transfer, and (4) at a time when the debtor was insolvent.[2] Bestworth does not dispute that the Trustee is able to establish her burden of proof with respect to each of these elements. Thus, the transfer of the Debt Amount is clearly avoidable.

---

[2] A transfer that rendered the debtor insolvent may also be avoided. However, in this case, it is undisputed that the Debtors were insolvent at the time of the transfer.

5

**B.  IS BESTWORTH ENTITLED TO RETAIN THE DEBT AMOUNT PURSUANT TO 11 U.S.C. § 548(c)?**

Bestworth contends that, nevertheless, 11 U.S.C. § 548(c) gives it the right to retain the Debt Amount. As recited above, 11 U.S.C. § 548(c) permits a good faith transferee to retain funds fraudulently transferred to the extent that the transferee gave "value to the debtor in exchange for...[the] transfer...." See 11 U.S.C. § 548(c). The Trustee does not dispute that Bestworth is a good faith transferee. However, she contends that Bestworth did not give any value to the Debtors in return for the transfer of the Debt Amount. She is clearly correct.

Bestworth contends that the value it provided to Elephant--the satisfaction of the Debt Amount and release of the Lien--was sufficient for this purpose. In support of this argument, it cites In re SLF News Distributors, Inc., 649 F.2d 613 (8th Cir. 1981). In SLF News, a contractor with an unpaid claim released its right to record a mechanics' lien against real property in return for receiving payment of its claim. As in the instant case, the form of the payment did not put the contractor on notice that the payment came from someone other than the owner of the real property, its account debtor. When the party that furnished the payment filed for bankruptcy, the trustee sought to avoid the transfer as constructively fraudulent and to recover it from the contractor. Id. at 614. The SLF News court held that, under these facts, the contractor was entitled to retain the payment.

6

The principal problem with Bestworth's reliance on SLF News is that it was decided under the Bankruptcy Act, which was repealed in 1978, and replaced by the Bankruptcy Code. In granting the contractor a defense, the SLF News court was construing a different statute: i.e., section 67(d)(6) of the Bankruptcy Act. Section 67(d)(6) provided as follows:

> (6) A transfer made...by a debtor adjudged a bankrupt under this title, which is fraudulent under this subdivision against creditors of such debtor having claims provable under this title, shall be null and void against the trustee, *except as to a bona fide purchaser*, lienor, or obligee for a present fair equivalent value [emphasis added.]

See 11 U.S.C. § 107(d)(6)(1976)(repealed 1978), as quoted in SLF News, 649 F.2d at 615. The SLF News court held that the contractor qualified as a bona fide purchaser with respect to the payment received. Id.

The statute applicable--11 U.S.C. § 548(c)--here is worded quite differently. As noted above, it expressly requires that party asserting the right to retain the transferred interest in property to have given "value *to the debtor* in exchange for...[the] transfer....[emphasis added.]" By contrast, 11 U.S.C. § 107(d)(6) protects "a bona fide purchaser for present fair equivalent value[.]" It does not expressly require that the value be given to the debtor. Because Bestworth did not give value to the Debtor, Bestworth's defense under 11 U.S.C. § 548(c) must fail.

7

**C.  IS BESTWORTH AN INITIAL TRANSFEREE?**

The Trustee contends that Bestworth was the initial transferee of the payment of the Debt Amount within the meaning of 11 U.S.C. § 550(a)(1). As a result, she contends, it has no right to assert a defense to her recovery action pursuant to 11 U.S.C. § 550(b). She contends that the Title Company, which was acting as an escrow agent, was a mere "conduit" to the transfer and should not be considered the initial transferee. In support of this contention, she cites In re Williams, 104 B.R. 296, 298 (Bankr. C.D. Cal. 1989).

In Williams, after filing a chapter 7 bankruptcy case, the debtor sold real property to a third party through an escrow. A portion of the sale proceeds were paid to the IRS which had filed a lien against the real property. The trustee sued to avoid the transfer and to recover the sale proceeds from the IRS. As here, the issue was whether the IRS was the initial transferee, and therefore not entitled to assert a defense, or a subsequent transferee and therefore absolutely liable. Id., at 298-99. The Williams court held that the IRS was the initial transferee. It reasoned that, for the IRS to be a subsequent transferee, the escrow company would have to be viewed as the initial transferee. It rejected this notion, making the following observation:

> That is not an accurate view of the typical role of an escrow company. An escrow company is merely a conduit through which funds flow from a purchaser to a seller. The escrow company did not purchase the property itself.

Id., at 299.

8

The problem with the Trustee's reliance on Williams is that Bestworth does not contend that the Title Company was the initial transferee, at least not on its own behalf. To the contrary, it contends that Elephant was the initial transferee and that the Title Company was acting as Elephant's agent when it received the Cashier's Check from the Debtors.

Given this argument, a case more on point is In re Presidential Corp., 180 B.R. 233 (Bankr. 9th Cir. 1995). In Presidential, a chapter 7 trustee of a corporation sued a real estate agent to recover a commission received through a sale escrow. The sale transaction was constructively fraudulent and therefore avoidable because the corporation's funds were used to purchase real property for the corporation's sole shareholder--Vatche Manoukian ("Manoukian").

The real estate agent argued that Manoukian was the initial transferee and that, as a good faith subsequent transferee, he was entitled to assert a defense under 11 U.S.C. § 550(b). The Presidential court agreed. It observed that, under the law applicable to that adversary proceeding, i.e., Washington law, an escrow agent is the agent of both the buyer and the seller. On whose behalf the agent hold funds depends on the purpose for which the funds are held. In either event, the agent is a mere conduit for the party in question. Under the facts presented there, the Presidential court found that the escrow agent was acting on behalf of Manoukian. See id., 180 B.R. at 238.

9

California law is consistent with Washington law. See St. Paul Title Co. v. Meier, 181 Cal. App. 3d 948, 952 (1986). In the instant case, the Title Company clearly received the funds as a conduit for Elephant. The purchaser of the San Pablo Property had no claim to the funds, and Bestworth was not a party to the transaction. Thus, the Title Company could not have been acting as agent for either of them. Elephant cannot be viewed as a mere conduit for Bestworth because it had dominion and control over the funds once they were placed in escrow.

The testimony at trial was consistent with this conclusion. Mr. Jacobsen testified that he and the other shareholder had agreed that, if the San Pablo Property sold for a sufficient amount to repay all creditors, he would have the right to be repaid the amount of the advance before the net sale proceeds were divided between the two of them. Thus, the advance may be viewed as either subordinated loan or as preferred equity investment. In either event, it represented a transfer to the corporation. As a result, the Court concludes that Bestworth is a subsequent transferee and, as such, entitled to assert a defense under 11 U.S.C. § 550(b)(1).

**D. CAN BESTWORTH ESTABLISH A DEFENSE UNDER 11 U.S.C. § 550(b)(1)?**

As set forth above, a trustee may not recover the amount of an avoided transfer from":

> (1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided...[.]

10

See 11 U.S.C. § 550(b)(1). This defense has three elements: (1) the transferee must have received the transfer for value, which may include the satisfaction or securing of a present or antecedent debt; (2) the transferee must have received the transfer in good faith; and (3) the transferee must have had no knowledge of the voidability of the transfer at the time the transfer was received. The Trustee does not appear to dispute Bestworth's ability to satisfy each of these three prongs.

Unlike 11 U.S.C. § 548(c), 11 U.S.C. § 550(b)(1) does not expressly require that the value provided by the subsequent transferee be given to the debtor. Since this requirement was expressly stated in 11 U.S.C. § 548(c), it seems unlikely that its omission in 11 U.S.C. § 550(b)(1) was an oversight. Moreover, since a subsequent transferee receives the transfer from someone other than the debtor, absent unusual circumstances, it would be unreasonable to expect a subsequent transferee to give value to the debtor in exchange for the transfer. Thus, the Court concludes that Bestworth has a established a defense to the Trustee's recovery action under 11 U.S.C. § 550(b)(1). This conclusion is consistent with the few reported cases on the issue. See Bonded Fin. Servs. v. Eur. Am. Bank, 838 F.2d 890, 897 (7th Cir. 1988); In re KZK Livestock, Inc., 221 B.R. 464, 469-70 (Bankr. C.D. Ill. 1998).

**CONCLUSION**

The transfer represented by payment of the Debt Amount is avoidable as a constructively fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(B). Bestworth is not entitled to retain the

11

avoided transfer pursuant to 11 U.S.C. § 548(c) because it did not provide value to the Debtors in exchange for the transfer. Bestworth is a subsequent transferee pursuant to 11 U.S.C. § 550(a)(2), rather than an initial transferee pursuant to 11 U.S.C. §550(a)(1). Thus, it is entitled to assert a defense to the Trustee's recovery action pursuant to 11 U.S.C. § 550(b)(1). Bestworth has established the right to such a defense, having proven by a preponderance of the evidence that it received payment of the Debt Amount for value, in good faith, without knowledge of its voidability. Counsel for Bestworth is directed to submit a proposed form of judgment in accordance with this decision.

END OF DOCUMENT

COURT SERVICE LIST

Timothy C. Williams
The Williams Firm
1850 Mt. Diablo Blvd., Ste. 340
Walnut Creek, CA 94596

Mariam S. Marshall
Marshall & Ramos, LLP
350 Frank H. Ogawa Plaza, Ste. 600
Oakland, CA 94612

13